**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JOSHUA LAMONT SUTTON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LAUREN DUTTON, et al.,**<br><br>**Defendants.** | **Case No. 26-CV-074-RAW** |

**OPINION AND ORDER**

Plaintiff Joshua Lamont Sutton, a state prisoner appearing *pro se*, initiated this federal civil rights action pursuant to 42 U.S.C. § 1983 on March 19, 2026. Dkt. No. 1. For the following reasons, the Court finds this matter should be dismissed with prejudice.

## 1. BACKGROUND

This action is the first of three § 1983 actions filed by Plaintiff in this Court in late March 2026. *See Sutton v. Miller*, 26-CV-080-RAW (E.D. Okla. March 20, 2026); *Sutton v. Daniels*, 26-CV-081-JFH-GLJ (E.D. Okla. March 23, 2026). Plaintiff filed amended complaints in each of the three actions. Plaintiff's initial pleadings and amended pleadings are on the Court's approved form for a Pro Se Prisoner Civil Rights Complaint. The Court reviewed Plaintiff's submissions in each action and identified two similar misrepresentations in each. The first misrepresentation pertained to "the date on which he placed his initial complaint in his prison's legal mail system, information pertinent to the Prison Mailbox Rule." Dkt. No. 8, at 1. In a Show Cause Order issued April 21, 2026, the Court noted:

> Plaintiff declared under penalty of perjury that he placed the complaint in his prison's legal mail system on April 27, 2025. *See* Dkt. No. 1, at 8; *see also* Dkt. No. 1, at 8, *Sutton v. Miller*, 26-CV-080-RAW; Dkt. No. 1, at 8, *Sutton v. Daniels*, 26-CV-081-JFH-GLJ. Yet, he signed and dated the complaint on March 12, 2026, and the Court received it on March 19, 2026. Dkt. No. 1, at 8. Plaintiff provides no explanation for the discrepancy.

*Id.* The second apparent misrepresentation pertained to Plaintiff's "past litigation history,

information pertinent to the Three Strikes Rule." Dkt. No. 8, at 2. Regarding this misrepresentation, the Court stated:

> Section VII of the Court's form complaint, titled "Prisoner's Litigation History," explains that the "Three Strikes Rule," as codified in 28 U.S.C. § 1915(g),
>
> > bars a prisoner from bringing a civil action or an appeal *in forma pauperis* in federal court if the prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."
>
> Dkt. No. 3, at 7 (emphasis omitted) (quoting 28 U.S.C. § 1915(g)). The form then requires the plaintiff to state how many "other lawsuits" he has brought "in federal court while a prisoner." *Id.* The plaintiff additionally is required to "[n]umber each different lawsuit" and include (1) the "[n]ame of [the] case (including defendants' names), court, and docket number," (2) the "[n]ature of claim made," (3) how it ended (*i.e.*, whether "it was dismissed, appealed, or is still pending"), and (4) whether "the court assess[ed] a 'Strike' or [found] the dismissal a 'Prior Occasion' pursuant to 28 U.S.C. [§] 1915(g)." *Id.*
>
> In both his sworn complaint and sworn amended complaint, Plaintiff attests he has brought "about 4" other lawsuits in federal court while a prisoner. Dkt. No. 1, at 7-8; Dkt. No. 3, at 7-8. Plaintiff lists four cases brought in the United States District Court for the District of Colorado and one appeal brought in the United States Court of Appeals for the Tenth Circuit. Dkt. No. 1, at 7-8; Dkt. No. 3, at 7-8. Plaintiff then wrote "N/A" in the additional spaces provided. Dkt. No. 1, at 8; Dkt. No. 3, at 8. Plaintiff signed the complaint and amended complaint "under penalty of perjury that the foregoing [was] true and correct," and certified that "the factual contentions have evidentiary support" and "the complaint otherwise complies with the requirements of Rule 11 of the Federal Rules of Civil Procedure." Dkt. No. 1, at 8; Dkt. No. 3, at 8.
>
> Court records reflect, however, that "Joshua Sutton" or "Joshua Lamont Sutton" was plaintiff in fifteen (15) civil actions in the U.S. District Court for the District of Colorado (each classified as a prisoner suit) and one (1) prior prisoner civil action in this Court, as well as the appellant in seven (7) appeals of civil actions in the Tenth Circuit Court of Appeals.[1] The Colorado inmate identification number

[1] These include case numbers 11-CV-261-LTB, 11-CV-2713-WJM-MEH, 14-CV-2379-RM-MJW, 14-CV-2387-LTB, 14-CV-2579-LTB, 14-CV-2586-LTB, 15-CV-850-RM-MJW, 17-CV-605-RM-NRN, 17-CV-2191-RM-NRN, 17-CV-2378-LTB, 17-CV-2994-LTB, 18-CV-520-LTB, 18-CV-652-RM-NYW, 18-CV-754-LTB, and 18-CV-1188-LTB in the U.S. District Court for the

> referenced in the four actions Plaintiff listed in Section VII of his complaint and amended complaint matches the identification number listed in the additional Colorado actions referenced herein. Similarly, the Oklahoma inmate identification number listed in his complaint and amended complaint in the instant action matches the identification number listed in the action previously filed in this Court. Thus, it appears Plaintiff's prisoner litigation history at the time he filed his Complaint included twenty-three (23) prior civil actions or appeals. It therefore appears Plaintiff improperly omitted at least eighteen (18) civil actions or appeals from Section VII of his sworn pleadings. While the Court does not fault pro se litigants for reasonable, inadvertent omissions as to their prior litigation history, intentional misrepresentations made under penalty of perjury warrant sanctions.

Dkt. No. 8, at 2-4 (footnote omitted).[2]

The Court then directed Plaintiff to show cause in writing why the conduct described in the Show Cause Order "has not violated Rule 11(b)" and "why his conduct does not warrant sanctions under Rule 11 and/or the Court's inherent authority" to sanction conduct which abuses the judicial process. *Id.* at 5. Plaintiff submitted his response on July 24, 2026.[3] Dkt. No. 22.

## II. LEGAL STANDARD

Rule 11(b) of the Federal Rules of Civil Procedure provides, in relevant part, that, "[b]y presenting to the court a pleading, written motion, or other paper," an unrepresented party is certifying that, to the best of their knowledge and information, "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). If, after notice and an opportunity to respond, a

---

District of Colorado; case number 25-CV-148-JFH-DES in this Court; and case numbers 16-1211, 17-1077, 18-1174, 18-1202, 18-1213, 18-1311, and 21-1013 in the U.S. Court of Appeals for the Tenth Circuit.

[2] The Court also noted that Plaintiff "additionally was a petitioner in numerous habeas actions and appeals" but did not consider them for purposes of the Show Cause Order. *Id.* at 3 n.2.

[3] Plaintiff did not respond to the Court's Show Cause Order within the time prescribed, and the Court therefore dismissed the action. Dkt. No. 10. However, the Court subsequently granted Plaintiff's Motion for Reconsideration based on Plaintiff's representations that he never received the Show Cause Order and provided Plaintiff an opportunity to respond to the order. Dkt. No. 20. In addition to filing a Motion for Reconsideration, Plaintiff appealed the Court's dismissal Order and sought leave to proceed on appeal *in forma pauperis*. Dkt. Nos. 13, 17. The Tenth Circuit, however, dismissed the appeal due to Plaintiff's voluntary dismissal. Dkt. No. 23. Plaintiff's Motion for Leave to Appeal *in Forma Pauperis* [Dkt. No. 17] therefore is denied as moot.

court determines that an unrepresented party has violated Rule 11(b), it may impose sanctions under Rule 11(c). *See* Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."). Sanctions must be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and may include dismissal of the action with or without prejudice or "an order to pay a penalty into court." Fed. R. Civ. P. 11(c)(4); *see King v. Fleming*, 899 F.3d 1140, 1149-50 (10th Cir. 2018).

Additionally, the Court has inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process," including "bad-faith conduct." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45, 50 (1991); *see Stenson v. Edmonds*, 86 F.4th 870, 876 (10th Cir. 2023) (finding the plaintiff had "acted in bad faith by lying to the district court"); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (recognizing that lying under penalty of perjury about the existence of prior lawsuits constitutes an abuse of judicial process warranting dismissal and a strike under § 1915(g)); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 857 (10th Cir. 2018) (recognizing that "*Chambers* does not require consideration of Rule 11 before a court can use its inherent powers").

**III. DISCUSSION**

In his Response to the Court's Show Cause Order, Plaintiff avers: "The dates on the pleadings represented the fact that I never actually knew when I would be able to mail the legal mail and, when I finally was able, I just rushed—so I could get it mailed." Dkt. No. 22, at 5. This assertion might explain a minor discrepancy in dates, but it does not reasonably explain a discrepancy of nearly one year. *See* Dkt. No. 8, at 1 (noting Plaintiff declared he placed his complaint in his prison's legal mail system on April 27, 2025, but signed and dated the complaint on March 12, 2026).

Regarding his past litigation history, Plaintiff states that he was permitted only five (5) hours in the law library a week, that the tablet he used for legal research did not work, and that "the seemingly 'misrepresentations' were actually the best of the knowledge, information, and belief [he] had at the time." Dkt. No. 22, at 5, 8-9. Plaintiff states that his representations "would have been more accurate after a reasonable opportunity for further research, once we got a full time law librarian and my tablet was replaced." *Id.* at 5. While these assertions might explain a failure to accurately identify all the case names and numbers of his past lawsuits, they do not explain how a litigant with over twenty prior civil actions or appeals could, in good faith, affirmatively assert that he had brought "about 4." Even if Plaintiff was not aware of the exact number of his past lawsuits, he would have been aware that the number greatly exceeded that which he represented to the Court under penalty of perjury. Plaintiff's most recent lawsuit in the United States District Court for the District of Colorado reflects as much. *See* Amended Complaint at 12-13, *Sutton v. Colo. Dep't of Corr.*, No. 18-CV-1188-LTB (D. Colo. filed June 28, 2018) (listing fourteen (14) prior civil lawsuits or appeals and stating "about 100 others I do not currently remember").

Further, Plaintiff's past federal civil actions reflect a pattern of gross misrepresentation as to his litigation history in form complaints, made under penalty of perjury. *See, e.g.*, Complaint at 7, *Sutton v. Keesee*, No. 25-CV-148-JFH-DES (E.D. Okla. May 5, 2025) (stating "about 4"); Complaint at 11, *Sutton v. Morris*, No. 18-CV-754-LTB (D. Colo. Mar. 30, 2018) (identifying only one prior lawsuit); Complaint at 5*, Sutton v. Doe*, No. 18-CV-520-LTB (D. Colo. Mar. 2, 2018) (same); Complaint at 8, *Sutton v. Corr. Corp. of Am.*, No. 17-CV-2994-LTB (D. Colo. Dec. 13, 2017) (same); Complaint at 7, *Sutton v. Colo. Mental Health Ins. at Pueblo*, No. 17-CV-2378-LTB (D. Colo. Oct. 2, 2017) (same); Complaint at 7, *Sutton v. Hydenthal*, No. 17-CV-2191-RM-NRN (D. Colo. Sept. 11, 2027) (same) Complaint at 7, *Sutton v. Profecto*, No. 15-CV-850-RM-MJW (D. Colo. April 22, 2015) (same); Complaint at 8, *Sutton v. Roberts*, No. 14-CV-2586-LTB (D. Colo. Sept. 17, 2014) (same); Complaint at 8, *Sutton v. Roberts*, No. 14-CV-2579-LTB (D.

Colo. Sept. 17, 2014) (same); Complaint at 7, *Sutton v. La Page*, No. 14-CV-2387-LTB (D. Colo. Aug. 27, 2014) (same).

Based on the foregoing, the Court finds Plaintiff knowingly and materially misrepresented his past litigation history to the Court under penalty of perjury. The Court finds this action constitutes a violation of Rule 11 and/or bad-faith conduct that abuses the judicial process. Sanctions, therefore, are warranted. When imposing a sanction under Rule 11, the Court "must consider the purposes to be served by the imposition of sanctions and so limit its sanctions 'to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.'" *King*, 899 F.3d at 1148. Similarly, in exercising its inherent authority to sanction conduct that abuses the judicial process, the Court considers the appropriateness of the sanction in relation to the severity of the misconduct. *See Stenson*, 86 F.4th at 878.

While dismissal with prejudice is an "extreme sanction," it is appropriate "in cases of willful misconduct." *King*, 899 F.3d at 1149 (internal quotation marks omitted). In determining whether to dismiss an action with prejudice as a sanction, the Court considers the following non-exhaustive list of factors: "(1) the degree of actual prejudice to the defendant caused by the misconduct; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the litigant in advance that dismissal of the action would be a likely sanction . . . ; and (5) the efficacy of lesser sanctions." *Id.* at 1150 (alteration and internal quotation marks omitted).

The first factor weighs against dismissal. Defendants have not yet been served in this matter and therefore have suffered no prejudice. The remaining four factors, however, weigh in favor of dismissal. Plaintiff's actions significantly interfered with the judicial process, as the Court had to spend "substantial time and energy" reviewing Plaintiff's extensive litigation history to determine the extent of his misrepresentations in this matter and his similar misrepresentations in his prior cases. *King*, 899 F.3d at 1151-52 ("It is hard to imagine how presenting falsified evidence to a federal district court would *not* interfere with the judicial process."). Further, Plaintiff is highly

culpable for his conduct. The form Complaint provides explicit instructions for listing past cases and explains the necessity of that information in relation to the three-strikes rule. Plaintiff was aware of his extensive litigation history and attempted to hide that history from the Court. Plaintiff attempts to disclaim culpability in his Response to the Court's Show Cause Order by arguing the fault lies with his lack of legal resources. As noted, however, Plaintiff did not need legal resources to know that the number of his past lawsuits greatly exceeded four. *See Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010) ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple lawsuits.").[4]

As to the fourth factor, the Court warned Plaintiff in its Show Cause Order that dismissal was an available sanction under both Rule 11 and the Court's inherent authority and further warned Plaintiff that failure to show cause as to why his conduct did not warrant such sanction likely would result in dismissal of the action. Dkt No. 8, at 4-5. The Court again advised Plaintiff in its Order granting Plaintiff's motion for reconsideration that failure to show cause as to why his conduct did not warrant sanctions likely would result in dismissal. Dkt. No. 20, at 3. This factor weighs in favor of dismissal.

Finally, the Court determines as to the fifth factor that no lesser sanction would prove effective. Plaintiff's requests to proceed *in forma pauperis* in this action reflect an inability to pay a monetary sanction. *See* Dkt. Nos. 7, 17. Similarly, a dismissal without prejudice, whereby Plaintiff could simply refile his action, likely would do little to deter Plaintiff from continuing to abuse the judicial process. Plaintiff's past cases reflect that he engaged in a consistent and pervasive pattern of gross misrepresentations, under penalty of perjury, pertaining to his litigation history. A dismissal with prejudice is necessary to discourage Plaintiff from continuing this pattern and potentially "drain[ing] judicial resources" by fraudulently circumventing the three-strikes rule. *King*, 899 F.3d at 1153. Further, because a prisoner's intentional distortion of his past litigation

---

[4] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

history undermines the purpose of the three-strikes rule to "help staunch a 'flood of nonmeritorious' prisoner litigation," *Lomax v. Ortiz-Marquez*, 590 U.S. ___, 140 S. Ct. 1721, 1723 (2020), courts have a particular interest in discouraging such conduct, and a dismissal with prejudice would "issue a clear statement to potential imitators" *King*, 899 F.3d at 1154.

In all, the pertinent factors weigh heavily in favor of dismissal with prejudice, and the Court determines this is the appropriate sanction. *See Stenson*, 86 F.4th at 878 ("Considering Plaintiff's misrepresentation, deception, and fabrication, the *Ehrenhaus* factors favor dismissal."); .*Shepherd v. Annucci*, 921 F.3d 89, 92, 98 (2nd Cir. 2019) (affirming district court's dismissal of prisoner's complaint with prejudice "as a sanction for misrepresenting his litigation history"); *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011) ("Because of the importance of affirming a district court's discretion to impose sanctions, including dismissal [with prejudice], against litigants who intentionally misrepresent their litigation history, we publish our decision today."); *Young v. Sec'y Fla. for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (finding district court did not abuse its discretion by dismissing complaint with prejudice as sanction against plaintiff "for failing fully to disclose his prior lawsuits on the complaint form").

## IV. CONCLUSION

Accordingly, the Court finds this action should be dismissed with prejudice pursuant to Rule 11(c) of the Federal Rules of Civil Procedure or, in the alternative, pursuant to the Court's inherent authority to sanction conduct which abuses the judicial process.

IT IS THEREFORE ORDERED that:

1) this action is **dismissed with prejudice** pursuant to Rule 11(c) of the Federal Rules of Civil Procedure or, in the alternative, pursuant to the Court's inherent authority to sanction conduct which abuses the judicial process;
2) Plaintiff's pending motions [Dkt. Nos. 7, 17, 27] are **denied** as moot; and
3) a separate judgment shall be entered in this matter.

IT IS SO ORDERED this 6th day of November, 2026.

HONORABLE RONALD A. WHITE
UNITED STATES SENIOR DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA